## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| TIMOTHY R. GREGORY, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 1:07-cv-00276-RBW |
| | ) | |
| v. | ) | Judge Reggie B. Walton |
| | ) | |
| LG PHILIPS LCD COMPANY | ) | |
| LTD., *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

### PLAINTIFFS' UNOPPOSED MOTION TO STAY THEIR OBLIGATION TO MOVE FOR CLASS CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 23.1(b)

Pursuant to Local Civil Rule 23.1(b), Plaintiffs in this class action lawsuit, through undersigned counsel, respectfully request that this Court stay Plaintiffs' obligation to move for class certification within 90 days after the filing of a complaint. Because this case imminently will be consolidated by the Judicial Panel on Multidistrict Litigation ("JPML") with other similar actions before the United States District Court for the Northern District of California ("Northern District"), there is good cause to stay Plaintiffs' obligation to file a class certification motion.

1.      On February 6, 2007, Plaintiffs Timothy R. Gregory and David Walker filed this class action lawsuit, alleging antitrust violations by Defendants with respect to the market for thin-film transistor liquid crystal displays ("TFT-LCDs" or "panels").

2.      Numerous similar suits were filed across the country in the weeks surrounding the filing of Plaintiffs' suit in this Court. In several of these cases, motions were made to the JPML for centralization of these cases in one District, pursuant to 28 U.S.C. § 1407. Plaintiffs in this action joined in those motions and agreed to the transfer of this action to the Northern District.

3.      On April 17, 2007, the JPML transferred several TFT-LCD actions to the Northern District.  *See In re TFT-LCD (Flat Panel) Antitrust Litigation*, Docket No. 1827 (JPML Apr. 17, 2007) (attached as Exhibit A).  According to the JPML, "[c]entralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and converse the resources of the parties, their counsel and the judiciary."  *Id.* at 1.

4.      On April 25, 2007, the MDL Panel conditionally transferred several addition TFT-LCD actions – including the instant case – to the Northern District, for the same reasons articulated in the April 17 Order.  *See In re TFT-LCD (Flat Panel) Antitrust Litgation*, Docket No. 1827 (JPML Apr. 25, 2007) (attached as Exhibit B).  That transfer will become effective 15 days from the date of the Order – May 10, 2007.

5.      Pursuant to Local Civil Rule 23.1(b), "[w]ithin 90 days after the filing of a complaint in a case sought to be maintained as a class action, unless the court in the exercise of its discretion has extended this period, the plaintiff shall move for a certification under Rule 23(c)(1), Federal Rules of Civil Procedure, that the case may be so maintained."  The initial Complaint in this case was filed on February 6, 2007, and thus pursuant to Local Civil Rule 23.1(b), a class certification motion would ordinarily be due today, May 7, 2007 – 90 days from the date of the filing of a complaint.

6.      The impending transfer of this case by the JPML to the Northern District of California already has been conditionally ordered and will occur as a formal matter later this week.  The JPML has concluded that the just and efficient conduct of this litigation will be best served by coordinated discovery and pretrial proceedings, including with respect to class certification.   No discovery or activity has yet occurred in the instant case other than the filing of

the Complaint. Accordingly, there is good cause for staying Plaintiffs' obligation to file a class

certification motion within 90 days under Local Civil Rule 23.1(b).

   7.  Counsel for Defendants have been notified of Plaintiffs' intent to seek a stay of

their Local Civil Rule 23.1(b) obligation, and none has indicated an objection to that relief.

   For these reasons, Plaintiffs respectfully request that the Court stay their obligation to file

a class certification motion under Local Civil Rule 23.1(b).

Dated:  May 7, 2007         Respectfully submitted,


             _____/s/_____
             Steven N. Berk (D.C. Bar No. 432870)
             CHAVEZ AND GERTLER LLP
             1225 Fifteenth Street, NW
             Washington, D.C. 20005
             Tel:  (202) 232-7550
             Fax:  (202) 232-7556

             Bruce V. Spiva (D.C. Bar No. 443754)
             Kathleen R. Hartnett (D.C. Bar No. 483250)
             SPIVA & HARTNETT LLP
             1776 Massachusetts Avenue, N.W.
             Suite 600
             Washington, D.C. 20036
             Tel:  (202) 785-0601
             Fax:  (202) 785-0697

             Daniel E. Gustafson
             Renae D. Steiner
             Jason S. Kilene
             GUSTAFSON GLUEK PLLC
             650 Northstar East
             608 Second Avenue South
             Minneapolis, MN 55402
             Tel:  (612) 333-8844

   *Attorneys for Plaintiffs Timothy R. Gregory and David Walker*

## CERTIFICATE OF SERVICE

I hereby certify that on May 7, 2007, I served a true and correct copy of the

Foregoing Plaintiffs' Unopposed Motion to Stay Their Obligation to Move for Class Certification

Pursuant to Local Civil Rule 23.1(b), by first-class U.S. Mail, postage prepaid, upon the following:

Gerard R. Beeney
Sullivan & Cromwell LLP
125 Broad Street
New York, NY 10004

Albert J. Boro Jr.
Pillsbury, Winthrop,
     Shaw & Pirtman LLP
50 Fremont Street
PO Box 7880
San Francisco, CA 94105

Steven F. Cherry
WilmerHale
1875 Pennsylvania Ave. NW
Washington, DC 20006

Michael F. Healy
Sedgwick, Detart,
Moran & Arnold LLP
1 Market Plaza, Stewart Tower
8th Floor
San Francisco, CA 94105

Michael R. Lazerwitz
Cleary, Gottlieb, Steen
     & Hamilton LLP
2000 Pennsylvania Ave. NW
Suite 9000
Washington, DC 20006

Robert S. Marin
Panasonic Corp. of N. America
1 Panasonic Way
Sccaucus, NJ 07094

James L. McGinnis
Sheppard, Mullin, Richter
     & Hampton, LLP
4 Embarcado Center
17th Floor
San Francisco, CA 94111

George D. Niespolo
Duane Morris LLP
1 Market St. Spear Tower
Suite 2000
San Francisco, CA 94105

Kent M. Roger
Morgan, Lewis
     & Bockius, LLP
1 Market St. Spear Tower
San Francisco, 94105

_____
Steven N. Berk

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| TIMOTHY R. GREGORY, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 1:07-cv-00276-RBW |
| | ) | |
| v. | ) | Judge Reggie B. Walton |
| | ) | |
| LG PHILIPS LCD COMPANY | ) | |
| LTD., *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |
| ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾ | ) | |

## [PROPOSED] ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION TO STAY THEIR OBLIGATION TO MOVE FOR CLASS CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 23.1(b)

Upon consideration of Plaintiffs' Unopposed Motion to Stay Their Obligation to Move for Class Certification Pursuant to Local Civil Rule 23.1(b), the motion is hereby GRANTED; and it is ORDERED that Plaintiffs' obligation to move for class certification pursuant to Local Civil Rule 23.1(b) is hereby stayed.

SO ORDERED, this _____ day of _____, 2007.


_____
Hon. Reggie B. Walton
United States District Court Judge

**Exhibit A**

**MDL 1827**

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

APR 1 7 2007

FILED
CLERK'S OFFICE

*RELEASED FOR PUBLICATION*

*DOCKET NO. 1827*

## *BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

## *IN RE TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION*

### *BEFORE WM. TERRELL HODGES, CHAIRMAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR.,* KATHRYN H. VRATIL, DAVID R. HANSEN AND ANTHONY J. SCIRICA,* JUDGES OF THE PANEL*

### *TRANSFER ORDER*

This litigation currently consists of twenty actions pending in five separate districts: the Northern District of California (thirteen actions), the District of New Jersey (three actions), the Southern District of New York (two actions), the Eastern District of New York (one action) and the Western District of Tennessee (one action). Plaintiffs in eight of the thirteen Northern District of California actions and plaintiff in one of the three District of New Jersey actions separately move the Panel, pursuant to 28 U.S.C. § 1407, for centralization of this litigation in their respective districts.[1] All responding parties support centralization. The majority support selection of the Northern District of California as transferee forum, while others urge the Panel to choose the District of New Jersey, the Southern District of New York, or the Western District of Washington.[2]

On the basis of the papers filed and hearing session held, the Panel finds that these twenty actions involve common questions of fact, and that centralization under Section 1407 in the Northern District of California will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All these actions involve common factual allegations concerning defendants' alleged conspiracy to fix the price of thin film transistor-liquid crystal display (TFT-LCD) panels, which are used in computer monitors, flat panel television sets, and other electronic devices. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

We conclude that the Northern District of California is an appropriate transferee forum in this docket because over 50 of the actions of which the Panel has been notified have been brought in that

---

* Judge Scirica took no part in the disposition of this matter. In light of the fact that Judge Miller could be a member of the putative class(es) in this litigation, he has filed with the Clerk of the Panel a formal renunciation of any claim that he may have as a putative class member, thereby removing any basis for a disqualification of Judge Miller on that ground.

[1] The Panel has been notified of over 100 additional related actions pending in multiple districts. These actions and any other related actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

[2] Certain other responding parties initially suggested that the Panel select either the Eastern District of Tennessee or the District of South Carolina, but withdrew those suggestions at oral argument.

OFFICIAL FILE COPY

PLEADING NO. 86

- 2 -

district, and it appears to be somewhat more conveniently located for the significant number of Asia-based defendants.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions in this litigation pending outside the Northern District of California and listed on Schedule A are transferred to the Northern District of California and, with the consent of that court, assigned to the Honorable Susan Y. Ilston for coordinated or consolidated pretrial proceedings with the actions pending in that district and listed on Schedule A.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman

# SCHEDULE A

<u>MDL-1827 -- In re TFT-LCD (Flat Panel) Antitrust Litigation</u>

### Northern District of California

*Judd Eliasoph v. LG Philips LCD Co., Ltd., et al.*, C.A. No. 3:06-7588
*Jo Nash v. LG Philips LCD Co., Ltd., et al.*, C.A. No. 3:06-7601
*Will Henderson v. LG Philips LCD Co., Ltd., et al.*, C.A. No. 3:06-7609
*Jamie Maites v. LG Philips LCD Co., Ltd., et al.*, C.A. No. 3:06-7638
*Henry Truong v. LG Philips LCD Co., Ltd., et al.*, C.A. No. 3:06-7639
*Crago Corp. v. Samsung Electronics Co., Ltd., et al.*, C.A. No. 3:06-7644
*Robert Kerson v. LG Philips LCD Co., Ltd., et al.*, C.A. No. 3:06-7678
*Karen Brock v. LG Philips LCD Co., Ltd., et al.*, C.A. No. 3:06-7679
*Ari Hakim v. LG Philips LCD Co., Ltd., et al.*, C.A. No. 3:06-7699
*Arthur Sorokin v. LG Philips LCD Co., Ltd., et al.*, C.A. No. 4:06-7600
*Amy Forlan v. LG Philips LCD Co., Ltd., et al.*, C.A. No. 4:06-7602
*Stephanie Truong v. LG Philips LCD Co., Ltd., et al.*, C.A. No. 4:06-7640
*Frederick Rozo v. LG Philips LCD Co., Ltd., et al.*, C.A. No. 4:06-7693

### District of New Jersey

*Nathan Muchnick, Inc. v. Sharp Corp., et al.*, C.A. No. 2:06-6107
*Roberta Harrell v. LG Philips LCD Co., Ltd., et al.*, C.A. No. 2:06-6190
*Richard A. Markham v. LG Philips LCD Co., Ltd., et al.*, C.A. No. 2:06-6191

### Eastern District of New York

*Chris Ferencsik v. LG Philips LCD Co., Ltd., et al.*, C.A. No. 1:06-6714

### Southern District of New York

*Gladys Baker v. LG Philips LCD Co., Ltd., et al.*, C.A. No. 1:06-14335
*Jack Elbaz v. LG Philips LCD Co., Ltd., et al.*, C.A. No. 1:06-14423

### Western District of Tennessee

*Audio Video Artistry v. Samsung Electronics Co., Ltd., et al.*, C.A. No. 2:06-2848

**Exhibit B**

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

APR 2 5 2007

FILED
CLERK'S OFFICE

### DOCKET NO. 1827

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION

## (SEE ATTACHED SCHEDULE)

## CONDITIONAL TRANSFER ORDER (CTO-1)

On April 17, 2007, the Panel transferred seven civil actions to the United States District Court for the Northern District of California for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. *See* ____F.Supp.2d____ (J.P.M.L. 2007). With the consent of that court, all such actions have been assigned to the Honorable Susan Yvonne Illston.

It appears that the actions on this conditional transfer order involve questions of fact that are common to the actions previously transferred to the Northern District of California and assigned to Judge Illston.

Pursuant to Rule 7.4 of the <u>Rules of Procedure of the Judicial Panel on Multidistrict Litigation,</u> 199 F.R.D. 425, 435-36 (2001), these actions are transferred under 28 U.S.C. § 1407 to the Northern District of California for the reasons stated in the order of April 17, 2007, and, with the consent of that court, assigned to the Honorable Susan Yvonne Illston.

This order does not become effective until it is filed in the Office of the Clerk of the United States District Court for the Northern District of California. The transmittal of this order to said Clerk shall be stayed 15 days from the entry thereof. If any party files a notice of opposition with the Clerk of the Panel within this 15-day period, the stay will be continued until further order of the Panel.

FOR THE PANEL:

Jeffery N. Lüthi
Clerk of the Panel

# SCHEDULE OF ACTIONS (CTO-1)
## DOCKET NO. 1827
## IN RE TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION

| DIST. DIV. C.A. # | CASE CAPTION |
|---|---|
| **ARKANSAS EASTERN** | |
| ARE 4  07-43 | Robert S. Harmon v. LG Philips LCD Co., Ltd., et al. |
| **ARIZONA** | |
| AZ 2  07-549 | Timothy J. Lauricella v. AU Optronics Corp., et al. |
| **CALIFORNIA CENTRAL** | |
| CAC 2  07-1283 | Wendy Williams v. Sharp Corp., et al. |
| CAC 2  07-1500 | George Mays v. LG Philips LCD Co., Ltd., et al. |
| **CALIFORNIA SOUTHERN** | |
| CAS 3  07-312 | Susan Selfridge, et al. v. LG Philips LCD Co.,.Ltd., et al. |
| **DISTRICT OF COLUMBIA** | |
| DC 1  07-276 | Timothy R. Gregory, et al. v. LG Philips LCD Co., Ltd., et al. |
| DC 1  07-424 | Gail Feser v. AU Optronics Corp., et al. |
| DC 1  07-438 | Rebecca Bly v. LG Philips LCD Co., Ltd., et al. |
| **FLORIDA SOUTHERN** | |
| FLS 0  07-60289 | Scott Eisler v. AU Optronics Corp., et al. |
| FLS 0  07-60323 | Mauricio DeFrancisco v. AU Optronics Corp., et al. |
| FLS 9  07-80171 | Robin Feins, et al. v. LG Philips LCD Co., Ltd., et al. |
| **HAWAII** | |
| HI 1  07-122 | Sealed v. Sealed |
| **IOWA SOUTHERN** | |
| IAS 4  07-96 | Benjamin G. Northway v. AU Optronics Corp., et al. |
| **IDAHO** | |
| ID 1  07-115 | Miles H. Humphrey v. AU Optronics Corp., et al. |
| **KANSAS** | |
| KS 2  07-2088 | Peter Coyle v. AU Optronics Corp., et al. |
| KS 2  07-2107 | Kou Srimoungchanh v. LG Philips LCD Co., Ltd., et al. |
| KS 5  07-4033 | James T. Watson v. AU Optronics Corp., et al. |
| KS 5  07-4034 | R. Rex Getz v. LG Philips LCD Co., Ltd., et al. |
| **MASSACHUSETTS** | |
| MA 1  07-10457 | Christopher Murphy v. LG Philips LCD Co., Ltd., et al. |
| **MAINE** | |
| ME 1  07-33 | Patricia Ronco v. AU Optronics Corp., et al. |
| **MICHIGAN EASTERN** | |
| MIE 2  07-10613 | Judith Griffith v. AU Optronics Corp., et al. |
| MIE 2  07-10971 | Colette M. Dahm v. LG Philips LCD Co., Ltd., et al. |
| MIE 2  07-11529 | Ling-Hung Jou v. AU Optronics Corp., et al. |

SCHEDULE OF ACTIONS (CTO-1) - MDL NO. 1827

| DIST. DIV. C.A. # | CASE CAPTION |
|---|---|
| **MINNESOTA** | |
| MN  0  07-480 | Jeffrey Larson v. LG Philips LCD Co., Ltd., et al. |
| MN  0  07-1154 | Al Gober v. LG Philips LCD Co., Ltd., et al. |
| MN  0  07-1155 | Kari J. Nehring v. LG Philips LCD Co., Ltd., et al. |
| MN  0  07-1393 | Christopher C. Rywelski v. AU Optronics Corp., et al. |
| MN  0  07-1425 | Martha Mulvey v. AU Optronics Corp., et al. |
| **MISSISSIPPI NORTHERN** | |
| MSN 3 07-28 | Tammy Long v. AU Optronics Corp., et al. |
| **MONTANA** | |
| MT   1  07-32 | John Pulasky v. AU Optronics Corp., et al. |
| **NORTH CAROLINA MIDDLE** | |
| NCM 1  07-167 | Lynne M. Holtkamp v. AU Optronics Corp., et al. |
| **NORTH CAROLINA WESTERN** | |
| NCW 3  07-43 | Donna Jeanne Flanagan v. AU Optronics Corp., et al. |
| **NORTH DAKOTA** | |
| ND   3  07-22 | Robert George v. LG Philips LCD Co., Ltd., et al. |
| **NEW JERSEY** | |
| NJ   2  07-287 | Ajax Philadelphia, Inc. v. Sharp Corp., et al. |
| NJ   2  07-963 | Custom Audio Video v. Sharp Electronics Corp., et al. |
| **NEW MEXICO** | |
| NM  1  07-218 | Marcia Weingarten, et al. v. AU Optronics Corp., et al. |
| NM  2  07-220 | Rosemary Valdez v. AU Optronics Corp., et al. |
| NM  6  07-235 | Walden Minoli, et al. v. LG Philips LCD Co., Ltd., et al. |
| **NEVADA** | |
| NV  2   07-220 | Timothy J. Purdy v. LG Philips Co., Ltd., et al. |
| NV  2   07-296 | Richard Granich v. LG Philips LCD Co., Ltd., et al. |
| NV  2   07-306 | Allen Kelley v. AU Optronics Corp., et al. |
| **NEW YORK SOUTHERN** | |
| NYS 1  06-15212 | Robert Schuyler Watson v. LG Philips LCD Co., Ltd., et al. |
| NYS 1  06-15342 | Tom DiMatteo v. LG Philips LCD Co., Ltd., et al. |
| NYS 1  06-15391 | Steven Nakash v. LG Philips LCD Co., Ltd., et al. |
| NYS 1  06-15417 | CMP Consulting Services, Inc. v. LG Philips LCD Co., Ltd., et al. |
| NYS 1  07-198 | Jose Juan v. AU Optronics Corp., et al. |
| NYS 1  07-351 | Ryan J. Bierling v. LG Philips LCD Co., Ltd., et al. |
| NYS 1  07-653 | Diplomat Merchandise Corp. v. LG Philips LCD Co., Ltd., et al. |
| **PENNSYLVANIA MIDDLE** | |
| PAM 4  07-440 | Jeffrey L. Walters v. AU Optronics Corp., et al. |
| **PUERTO RICO** | |
| PR   3  07-1198 | Oscar Cintron v. AU Optronics Corp., et al. |
| PR   3  07-1199 | IMCA, Inc. v. AU Optronics Corp., et al. |
| **SOUTH CAROLINA** | |
| SC   2  07-780 | Caman Pellitteri, et al. v. LG Philips LCD Co., Ltd., et al. |
| SC   2  07-781 | Lynn Sweatman v. LG Philips LCD Co., Ltd., et al. |
| SC   3  07-533 | Lee R. Chamberlain v. LG Philips LCD Co., Ltd., et al. |

SCHEDULE OF ACTIONS (CTO-1) - MDL NO. 1827                                    PAGE 3 OF 3

<u>DIST. DIV. C.A. #</u>                    <u>CASE CAPTION</u>

SOUTH DAKOTA
  SD  4  07-4033              Chad Hansen v. LG Philips LCD Co., Ltd., et al.
  SD  5  07-5013              Cristopher Bessette v. AU Optronics Corp., et al.

TENNESSEE EASTERN
  TNE  2  07-65               Tabbatha Benson, et al. v. LG Philips LCD Co., Ltd, et al.

TENNESSEE MIDDLE
  TNM  3  07-282              Kathleen C. Davis v. LG Philips LCD Co., Ltd., et al.

TENNESSEE WESTERN
  TNW  2  07-2165             Scott Beall v. AU Optronics Corp., et al.

VIRGINIA EASTERN
  VAE  3  07-108              Shawn Stern v. AU Optronics Corp., et al.

VERMONT
  VT  2  07-39                Allen Nassiff v. LG Philips LCD Co., Ltd., et al.

WASHINGTON WESTERN
  WAW  2  07-39               Home Technologies Bellevue LLC v. LG Philips LCD Co., Ltd., et al.

WISCONSIN EASTERN
  WIE  2  07-151              Toomas P. Mitt v. LG Philips LCD Co., Ltd., et al.

WISCONSIN WESTERN
  WIW  3  07-56               Jai Paguirigan, et al. v. AU Optronics Corp., et al.
  WIW  3  07-80               Joseph Kovacevich v. LG Philips LCD Co., Ltd., et al.

WEST VIRGINIA NORTHERN
  WVN  3  07-26               Tara Perry v. AU Optronics Corp., et al.
  WVN  5  07-15               John Martich v. AU Optronics Corp., et al.